**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SAUL ALVARADO,

      Petitioner-Appellant,

v.

MARTY SIRMONS,

      Respondent-Appellee.

No. 00-6042
(D.C. No. 99-CV-148-W)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Saul Alvarado, a state inmate appearing pro se, seeks a certificate of appealability to challenge the district court's order denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. We deny the request for a certificate of appealability and dismiss the appeal.

Mr. Alvarado entered a guilty plea to charges of possessing a controlled dangerous substance with intent to distribute. He attempted to withdraw his guilty plea and to appeal various alleged errors to the state court of appeals. After his appeals were denied on procedural grounds, Mr. Alvarado filed his habeas petition.

A federal magistrate judge was assigned to consider Mr. Alvarado's claims. In a detailed and thorough report and recommendation, the magistrate judge determined that the habeas petition should be dismissed for procedural default, see Coleman v. Thompson, 501 U.S. 722, 750 (1991), and, in the alternative, the petition should be denied on the merits. Mr. Alvarado attempted an untimely amendment to his habeas petition in the district court. The magistrate judge found that those claims were filed too late, but nevertheless considered their merits, and held that those claims also did not support habeas relief. After a de novo review, the district court adopted the recommendations of the magistrate judge and denied relief.

On appeal, Mr. Alvarado raises the same claims presented in his habeas petition and addressed by the magistrate judge and the district court. They are: (1) his petition was not subject to procedural default because he showed the required cause and prejudice, (2) the state court failed to advise him of his right to appeal, (3) the evidence was insufficient, (4) he should have been charged under a different state statute, (5) the plea agreement was breached, and (6) his counsel provided ineffective assistance.

"In reviewing the denial of a habeas corpus petition, we review the district court's factual findings under a clearly erroneous standard, and its legal conclusions de novo," keeping in mind that "our review of the state court's proceedings is quite limited." Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir. 1999), cert. denied, 528 U.S. 1120 (2000).

We have carefully reviewed the record on appeal, as well as the brief and materials submitted by Mr. Alvarado. Applying the applicable law, we conclude that Mr. Alvarado has failed to make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2) for a certificate of appealability.

Petitioner's motion to amend the habeas petition, filed with this court after his appellate brief was filed, is denied. See 28 U.S.C. § 2242 (amendment of habeas petition governed by rules of civil procedure); Fed. R. Civ. P. 15(a)

(requiring leave of court to amend after responsive pleading filed in district court); Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (appellate court will not consider issues not presented to district court).

Accordingly, for substantially the same reasons stated in the district court's January 12, 2000 order, and the magistrate judge's September 20, 1999 report and recommendation, we deny Mr. Alvarado's motion for a certificate of appealability, deny his motion to amend the habeas petition, and DISMISS his appeal. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge